**Daniel RODRIGUEZ, Petitioner–Appellant,**

v.

**Paul RENICO, Respondent–Appellee.**

No. 02–2327.

United States Court of Appeals, Sixth Circuit.

April 9, 2004.

Before MERRITT and DAUGHTREY, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM.

The petitioner, Daniel Rodriguez, is a Michigan state prisoner who is serving two life sentences following his conviction for possession with intent to deliver over 650 grams of cocaine and for conspiracy to deliver over 650 grams of cocaine. He appeals the district court's denial of habeas corpus relief, contending that his right to due process was violated when the state trial court permitted the prosecutor to question a witness at trial about profiles of high-level drug dealers and to elicit comments about Puerto Rican drug organiza-

---

tions. We find no reversible error and affirm.

Rodriguez concedes that he failed to appeal this issue from the Michigan Court of Appeals to the Michigan Supreme Court. He contends, however, that he was unable to pursue all available avenues of relief due to "some objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Specifically, Rodriguez explained that the attorney designated to file his appeal had entrusted documents necessary to perfect the appeal to an assistant who placed them in his car, which was then impounded by the police. When the law enforcement authorities refused to turn over the legal materials until the car itself was released, the lawyer missed the deadline for filing the appeal to Michigan's highest court.

The magistrate judge to whom this matter was referred recommended that the district judge hold that the petitioner had procedurally defaulted the single issue raised in his habeas filing by failing to comply with all state appellate rules. The district court agreed with the magistrate judge that the petitioner's failure to appeal to the Michigan Supreme Court constituted a procedural default. The court further reviewed the matter, however, to determine whether Rodriguez demonstrated cause and prejudice to excuse that default. After thoroughly analyzing the facts of the case and the applicable law, the district judge ruled that the petitioner had demonstrated sufficient cause by pointing to outside circumstances beyond his control that led to his failure to comply with Michigan procedural requirements. Nevertheless, given that "[t]here was substantial evidence in the record apart from the profile evidence which established the petitioner's guilt," the court also concluded that Rodriguez could not establish the requisite prejudice necessary to overcome the procedural default.

The district court's treatment of the issue presented to it was both thorough and well-reasoned. Because the issuance of a full, written opinion by this court would be duplicative and would serve no useful purpose, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its "Order Adopting Magistrate Judge's Recommendation And Dismissing Petition For Writ Of Habeas Corpus," filed on October 16, 2002.